**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rena A. LIVINGSTON,**
**Defendant–Appellant.**

**No. 90–1552.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 19, 1991.

Decided July 10, 1991.

Ira H. Raphaelson, William V. Gallo, Asst. U.S. Attys., Crim. Div., Barry R. Elden, Asst. U.S. Atty., Ronald D. May, Crim. Receiving, App. Div., Chicago, Ill., for plaintiff-appellee.

Suzanne Philbrick, Chesterton, Ind., for defendant-appellant.

Before WOOD, Jr., POSNER and MANION, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

On November 17, 1989, a three-count superseding indictment charged defendant-appellant Rena Livingston ("Livingston") with (1) conspiring to possess with intent to distribute approximately 1000 grams of a mixture containing cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; (2) knowingly and intentionally possessing with intent to distribute approximately 31.5 grams of a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) knowingly and intentionally attempting to possess with intent to distribute approximately 1000 grams of a mixture containing cocaine, in violation of 21 U.S.C. § 846. A jury found Livingston guilty on all three counts of the indictment on November 22, 1989.

At the February 27, 1990 sentencing hearing, the district court adopted the recommendation in the government's presentence report. Applying the United States Sentencing Guidelines ("Guidelines"), the district court enhanced Livingston's base offense level (established according to the drug quantity involved in the offense) to a higher base offense level due to relevant conduct. U.S.S.G. §§ 1B1.3, 2D1.1, & 2D1.-4(a). Additional sentencing calculations by the district court resulted in Livingston's sentence of 144 months' incarceration and four years of supervised release. Livingston now challenges the district court's sentencing determination, arguing that the court erred in enhancing the base offense level because there was insufficient evidence to prove the relevant conduct by a preponderance of the evidence.

At the sentencing hearing, the district court gave Livingston and her attorney the opportunity to challenge the facts presented regarding the sentence enhancement, and neither elected to do so. Because Livingston failed to challenge the evidentiary sufficiency of the facts below, we find that Livingston waived her right to make this challenge and affirm the district court's sentencing determination.

## I. FACTS

On June 19, 1989, Livingston arrived at the air mail facility ("AMF") at Chicago's O'Hare airport to pick up a package. Unbeknownst to Livingston, upon arrival at O'Hare this package—an express mail parcel from Diana Livingston of Hialeah, Florida, to Sharon Livingston—had been subjected to a scent test by a trained drug-detecting dog. The dog alerted to the package, indicating the presence of narcotics. Pursuant to a search warrant, postal inspectors opened the parcel and discovered old clothes smeared in mustard, and one kilogram of cocaine inside a styrofoam container sealed with green tape. The inspectors removed all but thirty-one grams of the cocaine, replaced the thirty-one grams in the styrofoam, and resealed the package for controlled delivery.

Livingston used a false identification card in the name of Sharon Livingston when she appeared at the AMF to retrieve her package. Livingston took the package and placed it in the trunk of her car. Shortly thereafter, Livingston was arrested. Livingston then agreed to cooperate with the postal inspectors in their pursuit of the person to whom Livingston was to deliver the package. Through use of Livingston's pager, telephone contact, and a fabricated story, Livingston helped the postal inspectors arrest her codefendant Ervie Hankins.

During Livingston's trial, the government presented evidence of Livingston's involvement in the pickup and delivery of other express mail packages from Hialeah, Florida. Livingston testified that she had picked up similar packages at an AMF about three or four times over the course

of a year. Other evidence showed that Livingston maintained a residence at 5630 North Sheridan Road that served as a mail drop for express mail packages. Express mail receipts presented at trial established that two packages were sent to Livingston at her Sheridan Road address on May 16, 1989, and May 31, 1989. Livingston admitted to having received packages at the Sheridan Road address, "Maybe once or twice." The government's evidence indicated, and Livingston admitted in her testimony, that the other packages were similar in size and shape to the June 19, 1989 parcel.

Livingston denied knowing the contents of the parcels she received and delivered. However, in the government's presentence report, the government's official version of the offense notes that codefendant Hankins saw Livingston open one of the packages from Hialeah, and that it contained old clothes and cocaine wrapped in green tape.

The government's presentence report asserted that Livingston's relevant conduct involved an additional five kilograms of cocaine—not just the one kilogram charged in the indictment—and merited an increase in the base offense level. The government also sought a two-level increase for obstruction of justice. U.S.S.G. § 3C1.1. Agreeing with the government's relevant conduct argument, the district court enhanced the base offense level of 26—the offense level for one kilogram of cocaine, according to the Guidelines drug quantity table—to a base offense level of 32, calculated according to the five kilograms from relevant conduct. U.S.S.G. §§ 1B1.3, 2D1.-1. The district court also agreed with the obstruction of justice increase. The appropriate sentencing range for the resulting sentence level of 34 is 151 to 188 months' incarceration. The court reduced the sentence by seven months because of Livingston's cooperation and thus determined the 144–month sentence.

## II. ANALYSIS

■ Livingston argues that the district court erred in enhancing the sentencing base offense level because there was insufficient evidence to support the facts, upon which the district court relied, by a preponderance of the evidence. Despite being given the opportunity by the district court to object to the facts considered in its sentencing determination, Livingston and her counsel failed to raise this objection until this appeal. It is well-established that "[s]uch a failure to raise an issue before the district court results in a waiver of that issue on appeal." *United States v. Holguin,* 868 F.2d 201, 205 (7th Cir.), *cert. denied,* 490 U.S. 1051, 109 S.Ct. 1966, 104 L.Ed.2d 434 (1989).

At the sentencing hearing, the district court, Livingston, and Mr. Goldberg—Livingston's attorney—entered into the following discussion:

> THE COURT: ... I have received some information from each of you, a presentence investigation on each, and I have read it. Have you read it, Ms. Livingston?
>
> DEFENDANT LIVINGSTON: Yes, I have.
>
> THE COURT: Is it substantially correct?
>
> DEFENDANT LIVINGSTON: Some things I don't agree with at all.
>
> THE COURT: By fact or by opinion?
>
> DEFENDANT LIVINGSTON: By fact.
>
> THE COURT: Which facts?
>
> DEFENDANT LIVINGSTON: When they said in the report that we must group her at a certain level automatically, I didn't fully understand how they can jump from one category to another.
>
> THE COURT: Say that again.
>
> DEFENDANT LIVINGSTON: I couldn't understand why I could jump from such a low category to high category.
>
> MR. GOLDBERG: So you're disagreeing with the reporting officer's basis, not the facts on which she based it.
>
> DEFENDANT LIVINGSTON: Right.
>
> THE COURT: Which basis?
>
> MR. GOLDBERG: Her categorization of what guideline level.
>
> THE COURT: Oh.
>
> MR. GOLDBERG: That's a conclusion she is disagreeing with rather than the facts.

THE COURT: Do you have any disagreements with facts, Ms. Livingston?

DEFENDANT LIVINGSTON: No.

Transcript of Sentencing Hearing at 303–05. Later in that discussion, Mr. Goldberg added, "I would argue on behalf of Ms. Livingston as to the guideline level, but there are no corrections as to the factual basis." *Id.* at 305. As pointed out by the government at oral argument, these statements constitute at least waiver regarding, and perhaps an admission of, the factual accuracy of the evidence considered by the district court at sentencing.

In *United States v. Briscoe*, 896 F.2d 1476, 1521 n. 35 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990), the defendant raised an evidentiary argument in appealing his sentence. This court noted that defendant's argument on appeal objecting to the amount and value of the heroin involved, was "insufficient to overcome the fact th[at] [defendant] failed to object to the trial court's finding concerning the value and quantity of the heroin involved in this conspiracy." *Id.* We stated that this failure to object before the trial court constituted a waiver of the issue. *Id.* (citing *Holguin*, 868 F.2d at 205).

The district court specifically asked Livingston and her counsel whether there were any objections to the facts upon which sentencing would be based. Both answered in the negative. In fact, defense counsel took care to explain that their objection to the sentencing focused on the guideline level, not the factual basis. The transcript from the sentencing hearing clearly indicates that there was no objection to the facts considered by the district court in making its sentencing determination, nor was there any assertion of the insufficiency of the evidence.

In *United States v. Brown*, 870 F.2d 1354, 1361 (7th Cir.1989), the defendant and his attorney failed to object to any inaccuracies in the presentence report, as was required. As with Livingston, "each stated at the sentencing hearing that neither of them had any objections as to the factual accuracy of the report." *Id.* When a defendant has occasion to raise a sentencing challenge to the district court, the defendant "must avail herself of these opportunities, or risk waiver of the claim on appeal." *United States v. Heilprin*, 910 F.2d 471, 474 (7th Cir.1990). *See also United States v. Soliman*, 889 F.2d 441, 445 (2d Cir.1989) (having failed to object to sentencing report below, defendant could not seek relief on appeal); *United States v. Fox*, 889 F.2d 357, 359 (1st Cir.1989) (at sentencing hearing defendant "did not challenge the accuracy of the facts set forth in the presentence report on any grounds, either in her presentencing memorandum or at the sentencing hearing," therefore the issue was not properly before the court); *United States v. Benson*, 836 F.2d 1133, 1135–36 (8th Cir.1988) ("complaints not brought to the attention of the district court at the time of the sentencing hearing are not preserved for review"). We may reach the waived issue only if we apply the plain error rule. *Heilprin*, 910 F.2d at 474; FED.R.CRIM.P. 52(b). We find no plain error in this case.[1]

Livingston contends that if this court finds that she waived the insufficiency of the evidence argument, she received constitutionally ineffective assistance of counsel. Livingston asserts that her attorney was ineffective for three reasons: (1) he failed to present, to the probation office, a statement concerning Livingston's participation in the offense; (2) he failed to file a written objection to the presentence report; and (3) he failed to request an evidentiary hearing. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984), sets out a two-prong

---

1. In reviewing a sentencing determination, we accept the district court's findings of fact unless they are clearly erroneous. *United States v. Salva*, 902 F.2d 483, 488 (7th Cir.1990). Livingston testified at trial to having received three or four packages, over a period of a year, similar to that received at O'Hare on June 19, 1989. She also testified that she received one or two similar packages at the Sheridan Road address. In addition, the government presented express mail receipts as evidence of other packages delivered to Livingston. Plain error does not exist to overcome Livingston's waiver of the insufficiency of the evidence argument.

test to be met in order for a defendant to establish ineffective assistance of counsel.

In order to demonstrate the ineffective assistance of counsel Livingston claims, she must show that the performance of her counsel at sentencing fell below an objective standard of reasonableness, and "that there is a reasonable probability that but for [her] attorney's unprofessional errors, the results of the proceeding would have been different." *United States v. Henry,* 933 F.2d 553, 561 (7th Cir.1991) (citing *Hill v. Lockhart,* 474 U.S. 52, 57–58, 106 S.Ct. 366, 369–370, 88 L.Ed.2d 203 (1985)). *See Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65. Livingston fails to make such a showing.

In reviewing an attorney's performance under *Strickland,* we "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct" —not with the benefit of hindsight. *Id.* at 690, 104 S.Ct. at 2066. Livingston's counsel repeatedly stated at the sentencing hearing that Livingston's objection to the presentence investigation was not based on the facts involved, but only on the increase in base offense level. In this Livingston specifically concurred. Counsel's arguments to the district court at sentencing indicate a tactical decision to avoid any additional fact finding, as would have occurred had he objected to the presentence report or requested an evidentiary hearing.

After reviewing the evidence presented by the government at trial and the presentence investigation report, we recognize that counsel acted reasonably in choosing not to object to the facts involved in the district court's sentencing decision. Express mail receipts, evidence of a residence for the purpose of receiving parcels, Livingston's testimony, and potential testimony by codefendant Hankins regarding Livingston's knowledge of the contents of at least one package delivered by Livingston, suggest that any additional fact finding regarding the delivery of an additional five kilograms of cocaine could have been more harmful to Livingston's defense than beneficial. It is not ineffective assistance of counsel to refuse to generate facts that may impair the defendant's case. Counsel's careful objections demonstrate his consideration of the matter and his decision not to object to the facts based on the circumstances of the case was not a deficient performance. Livingston has failed to meet the burden of the first prong of the *Strickland* test, thus her claim of ineffective assistance of counsel cannot succeed.

For the above reasons, we affirm Livingston's sentence.

AFFIRMED.