951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Maurice CHEVALIER, Petitioner/Appellant,
v.
Howard A. PETERS, III, Sued as Howard A. Peters, III, and
Roland Burris,** Respondents/Appellees.
 No. 91-1205.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Dec. 17, 1991.
 
 Appeal from the United States District Court for the Central District of Illinois, Danville Division, No. 90 C 2058; Harold A. Baker, Chief Judge.
 Before WOOD, JR. and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Maurice Chevalier, an inmate at the Pontiac Correctional Center, appeals pro se from the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. 2254. We affirm.
 
 BACKGROUND
 
 2
 Maurice Chevalier shot and killed his wife. At trial, he maintained that he committed voluntary manslaughter and not murder because when he shot his wife he was acting under a sudden and intense passion. In support of his claim, Chevalier presented evidence that he shot and killed his wife during an argument, in which his wife verbally insulted him, admitted to having had sexual relations with other men, and impugned his sexual abilities. Based on this evidence, the trial court instructed the jury on murder and voluntary manslaughter. The jury found Chevalier guilty of murdering his wife, and he was sentenced to 40 years' imprisonment.
 
 
 3
 Chevalier appealed, arguing, among other issues, that the instructions given to the jury on murder and voluntary manslaughter were erroneous. The appellate court agreed, reversing and remanding Chevalier's case for a new trial. People v. Chevalier, 167 Ill.App.3d 790, 807, 521 N.E.2d 1256, 1267 (2d Dist.1988).[1] The state appealed to the Illinois Supreme Court. The Illinois Supreme Court reversed the appellate court without addressing the accuracy of the instructions because it found that as a matter of law the claimed provocation (insulting remarks and knowledge of past adultery) was insufficient to reduce the homicide from murder to voluntary manslaughter. People v. Chevalier, 131 Ill.2d 66, 76, 544 N.E.2d 942, 946 (1989).
 
 
 4
 Chevalier filed a section 2254 petition for habeas corpus relief alleging that: (1) the erroneous jury instructions violated due process; (2) the trial court's refusal to admit psychiatric testimony on the issue of provocation violated the Fourteenth Amendment; and, (3) the prosecutor's disparaging remarks during closing argument deprived him of a fair trial. The district court, having found that Chevalier exhausted his state court remedies on these issues, reviewed the merits of the section 2254 petition and denied relief.
 
 ANALYSIS
 1. Jury Instructions
 
 5
 Chevalier challenges the jury instructions used in his case, contending that they prevented the jury from returning a verdict of manslaughter. The jury convicted Chevalier of murder after receiving the same standard jury instructions on murder and manslaughter later held to be erroneous in People v. Reddick, 123 Ill.2d 184, 526 N.E.2d 141 (1988), and a ground for habeas relief in Falconer v. Lane, 905 F.2d 1129, 1137 (7th Cir.1990). However, even assuming the errors in the instructions, the instructions could not have prejudiced Chevalier because, as the Illinois Supreme Court held, he was not entitled to an instruction on voluntary manslaughter. See United States v. Read, 658 F.2d 1225, 1239 (7th Cir.1981) (erroneous jury instruction on withdrawal from securities and mail fraud scheme could not have prejudiced defendant because defendant was not entitled to a withdrawal instruction); United States v. McPartlin, 595 F.2d 1321, 1341 (7th Cir.1979) (instruction which implicitly disallowed the extortion defense could not have harmed the defendant because defendant was absolutely precluded from prevailing on an extortion defense). See also United States v. Piva, 870 F.2d 753, 757 (1st Cir.1989) (error in withdrawal from conspiracy instruction harmless because appellant had not withdrawn from conspiracy).
 
 
 6
 In support of his claim that the jury instructions prejudiced him, Chevalier challenges the Illinois Supreme Court's ruling that he was not entitled to an instruction on voluntary manslaughter. In his petition, Chevalier states "that the question in this case is whether petitioner presented any evidence of provocation by his spouse, and if the petitioner's actions were reasonable under the circumstances." Whether Chevalier was entitled to a voluntary manslaughter instruction is a question of state law, which the Illinois Supreme Court resolved against him. Section 2254 "is not an authorized vehicle for collateral attacks on rulings of state law." Fagan v. Washington, 942 F.2d 1155, 1158 (7th Cir.1991). Thus, Chevalier's claim does not give rise to federal habeas review. Bates v. McCaughtry, 934 F.2d 99, 102 (7th Cir.1991).[2]
 
 2. Expert Testimony
 
 7
 Chevalier next argues that his constitutional right to present witnesses in his own defense was violated by the trial court's exclusion of the testimony of his psychiatrist, Dr. Rossiter.[3] Chevalier wanted Dr. Rossiter to testify that at the time he shot his wife he was depressed, anxious, and angry and that the shooting resulted from serious provocation. On federal habeas review, state court evidentiary rulings are reviewed only for constitutional violations. Stomner v. Kolb, 903 F.2d 1123, 1128 (7th Cir.1990). Consequently, Chevalier must show that the trial court's exclusion of Dr. Rossiter's testimony violated fundamental fairness or denied him a specific constitutional right. Burrus v. Young, 808 F.2d 578, 581 (7th Cir.1986).
 
 
 8
 This he has not done. The Illinois appellate court held that the trial court's exclusion of testimony was proper under the Illinois rule excluding expert testimony on matters of common knowledge or where it would not aid the jury. Chevalier, 167 IllApp.3d at 807, 521 N.E.2d at 1267. Neither fundamental fairness, nor the right to present a defense require "a trial court to permit any proposed defense expert to take the stand." Stomner, 903 F.2d at 1129. The exclusion of Dr. Rossiter's testimony did not prevent Chevalier from arguing that he shot his wife in the heat of passion. Indeed, testimony as to Chevalier's subjective state of mind when he shot his wife is irrelevant to his defense as the Illinois voluntary manslaughter instruction provides that sufficient provocation is determined by an objective standard.[4] Ill.Rev.Stat. Ch. 38, para. 9-2(a)(2). Accordingly, we hold that the trial court's exclusion of Dr. Rossiter's testimony did not deprive Chevalier of a fair trial.
 
 
 9
 3. Prosecutor's Comments During Closing Argument
 
 
 10
 Finally, Chevalier argues that comments made by the prosecutor during closing argument "improperly deprecated the petitioner's only defense." During closing argument, the prosecutor stated:
 
 
 11
 Maurice said he loved her. Sounds like the evidence shows he was a tremendously selfish person. What can we say? A love gift perhaps (displaying a photograph of the gun used in the homicide). A love nest, the trunk of a car (displaying a photograph of the interior of the trunk of the car)?
 
 
 12
 In reviewing claims regarding inappropriate arguments we first determine whether the challenged remarks were improper. United States v. Celio, 945 F.2d 180, 185 (7th Cir.1991). If so, we must then decide whether the argument in light of the entire proceeding robbed Chevalier of a fair trial. Id. None of the remarks Chevalier complains about were improper; consequently, these remarks did not deprive Chevalier of a fair trial. United States v. Auerbach, 913 F.2d 407, 418 (7th Cir.1990). Rather, the prosecutor's remarks commented upon what the evidence showed.[5] See United States v. Martinez, 939 F.2d 412, 415 (7th Cir.1991) (proper closing arguments must be supported by the evidence). Furthermore, it was not improper for the prosecutor to question the plausibility of Chevalier's theory of defense. United States v. Sblendorio, 830 F.2d 1382, 1395 (7th Cir.1987) ("the prosecutor was entitled to say that the defenses were lame").
 
 CONCLUSION
 
 13
 For the reasons given herein, the district court's decision denying the writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Pursuant to Fed.R.App.P. 43(c)(1), Roland Burris is substituted for Neil F. Hartigan
 
 
 [1]
 The appellate court anticipated the Illinois Supreme Court's holding in People v. Reddick, 123 Ill.2d 184, 526 N.E.2d 141 (1988), and held that "where voluntary manslaughter is properly an issue, a murder conviction is proper only if the evidence is sufficient to prove beyond a reasonable doubt the absence of the element which would reduce the homicide from murder to voluntary manslaughter." Chevalier, 167 Ill.App.3d at 799, 521 N.E.2d at 1262. It further found that Chevalier was entitled to a voluntary manslaughter instruction, but that the instruction given to the jury failed to inform them that the state must negate the existence of the sudden and intense provocation mental state beyond a reasonable doubt before a verdict of murder could be returned. 167 Ill.App.3d at 802-07, 521 N.E.2d at 1264-67
 
 
 [2]
 To the extent that Chevalier is raising a claim under Jackson v. Virginia, 443 U.S. 307 (1979), that the state failed to prove the absence of provocation beyond a reasonable doubt, we agree with the district court that the claim is meritless. In this case, the state was not required to prove the absence of provocation because Chevalier's evidence was insufficient to raise the issue
 
 
 [3]
 The state argues that Chevalier has waived this issue by failing to raise it in a cross-appeal to the Illinois Supreme Court. The state cites Ill.Rev.Stat. ch. 110A, para. 318(a) as support for this contention. However, paragraph 318(g) does not require an appellee to file a petition for cross-relief. Rather, it provides that an "appellee ... may seek and obtain relief warranted by the record on appeal without having filed a separate petition for leave to appeal or notice of cross appeal or separate appeal." Ill.Rev.Stat. ch. 110A, para. 318(a)
 
 
 [4]
 To the extent that Chevalier argues that it is "illegal" for Illinois to apply an objective standard to determine sufficient provocation, we note that this argument is waived by Chevalier's failure to raise it in the district court. United States v. Livingston, 936 F.2d 333, 336 (7th Cir.1991)
 
 
 [5]
 The evidence showed that Chevalier fired a single bullet to his wife's head with a .357 revolver and then he placed her dead body in the trunk of his car