958 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas E. WHITE, Petitioner/Appellant,
v.
Dick CLARK, Superintendent, Indiana State Prison and Indiana
Attorney General, Respondents/Appellees.
 No. 91-1476.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 10, 1992.*
Decided March 26, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Thomas E. White appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. An Indiana jury convicted him of confinement while armed with a deadly weapon, rape while armed with a deadly weapon, and criminal deviant conduct while armed with a deadly weapon. The trial court sentenced White to thirty years' imprisonment for the rape, thirty years' imprisonment for the criminal deviant conduct, and ten years' imprisonment for the confinement, to be served consecutively. White challenges his convictions and sentence on the ground that they violate the Double Jeopardy Clause.
 
 
 2
 The jury found that, on June 5, 1978, White, while armed with a knife, forced his way into a woman's car as she attempted to leave the parking lot of the Tippecanoe Mall in Lafayette, Indiana. Once inside the car, Thomas held a knife to the woman's throat, tied a rope around her right leg, and ordered her to drive to a deadend located in a remote area outside Lafayette. Then, Thomas pressed the knife against the victim's side, ordered her to get out of the car, and forced her to perform oral and sexual intercourse. After losing his jury trial and three appeals in the Indiana state courts, White filed a petition for relief under 28 U.S.C. § 2254. The district court questioned whether White had fairly presented his constitutional double jeopardy claim to the Indiana courts, but resolved any doubt as to procedural default in White's favor. The state does not challenge this assumption on appeal, thus we proceed to the merits of White's claims. See Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991) (state waived the waiver argument by "failing to catch" defendant's procedural default).
 
 
 3
 White contends that his convictions for armed rape, armed confinement, and armed deviant sexual conduct violated the prohibition against double jeopardy under both Indiana law and the Fifth Amendment. A federal court may only issue a writ of habeas corpus for violations of federal law, Bae v. Peters, 950 F.2d 469, 477 (7th Cir.1991), thus we only address White's constitutional claim. White's criminal confinement conviction was elevated from a class D felony to a Class B felony because he used armed force to abduct the victim. His rape and deviant sexual conduct offenses were elevated from Class B felonies to Class A felonies for the same reason. White argues that elevating his convictions for his use of a knife violated the prohibition against double jeopardy because he used the same knife to accomplish all three offenses.[1] Furthermore, White argues that his convictions violate double jeopardy because his intent (sexual gratification) remained the same throughout the entire criminal event. In essence, White contends that his three convictions amounted to double jeopardy because they arose out of the same criminal episode.
 
 
 4
 White's contention is without merit. It is firmly established that a single course of conduct may give rise to more than one conviction without contravening the prohibition against double jeopardy. United States v. Dunigan, 884 F.2d 1010, 1015 (7th Cir.1989); United States v. Allen, 798 F.2d 985, 1000 (7th Cir.1986). Furthermore, the proof required for each of White's convictions meets the test for determining whether two separate statutory violations arising out of the same conduct amount to different offenses for the purposes of double jeopardy, as set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932), Under Blockburger, "the test to be applied is whether each provision requires proof of a fact which the other does not." Id. at 304.[2]
 
 
 5
 Here, even though White's convictions arose out of the same operative facts, each of the crimes White was convicted of requires proof of facts that the others do not. Criminal confinement requires proof of nonconsensual substantial interference with a person's liberty, Ind.Code § 35-42-3-3, while rape requires proof of forced sexual intercourse with a member of the opposite sex, Ind.Code. § 35-42-4-1, and criminal deviate conduct, Ind.Code 35-42-4-2, involves "an act of sexual gratification involving the sex organ of one person and the mouth or anus of another person." Brown v. State, 459 N.E.2d 376, 378 (Ind.1984) (distinguishing rape and criminal deviate conduct for purposes of double jeopardy). The fact that all of White's convictions were aggravated by his use of the same knife does not upset our conclusion that he was convicted under three distinct statutes, each requiring facts unique to that specific conviction. As such, we also reject White's claim that the district court's imposition of consecutive sentences for his three convictions constituted multiple punishments for the same offense in violation of double jeopardy. See United States v. McKinney, 919 F.2d 405, 416 (7th Cir.1990) (consecutive sentences on two offenses arising out of the same course of conduct did not violate double jeopardy clause because two offenses consisted of separate elements).[3]
 
 
 6
 White's convictions and sentence do not violate the Double Jeopardy Clause. Accordingly, the district court's denial of habeas corpus relief is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App. P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 To the extent that White challenges the sufficiency of the evidence concerning his use of the knife throughout the entire criminal episode, we note that this claim is waived by White's failure to raise it in the district court. United States v. Livingston, 936 F.2d 333, 336 (7th Cir.1991)
 
 
 [2]
 The modifications of the Blockburger test set forth in Grady v. Corbin, 495 U.S. 508 (1990), are inapplicable to this case as they concern subsequent prosecutions. Here, the rape, confinement, and criminal deviant conduct charges were all brought against White in the same trial
 
 
 [3]
 White also contends that the trial court's reason for imposing consecutive sentences was improper. The trial court sentenced White consecutively on the ground that merging the sentences for the three crimes would deprecate the seriousness of the charged offenses. Federal review of this claim is barred because White's argument focuses solely on Indiana law and does not raise any constitutional concerns. Bae, 950 F.2d at 477. Although White cites Solem v. Helm, 463 U.S. 277 (1983), he does not argue or present any legal authority supporting an Eighth Amendment challenge to his sentence. See Littlefield v. McGuffey, No. 90-3799, slip op. at 6 (7th Cir. Jan. 27, 1992) ("a 'litigant who fails to press a point by supporting it with pertinent authority ..., forfeits the point' ") (citations omitted)