962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick L. WILLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2611.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 27, 1992.*
 Decided May 1, 1992.
 
 Before FLAUM and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 Order
 
 1
 On November 23, 1986, Frederick Willey and a codefendant were arrested for possession of cocaine. In January 1988, before Willey's indictment, an Assistant United States Attorney sent a letter to Willey's counsel attempting to enlist Willey's cooperation. Cooperation was not forthcoming, and a three-count indictment was returned against Willey on April 6, 1988. Willey entered a blind plea of guilty to Count 3, possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), on June 16, 1988. Pursuant to a plea agreement, on August 26, 1988, Willey pleaded guilty to Count 2, interstate travel for unlawful activity, 18 U.S.C. § 1952. Count 1, conspiracy to distribute cocaine, 21 U.S.C. § 846, was dismissed. On both occasions, Willey indicated that nothing about his physical or mental condition interfered with his ability to understand and participate in the plea process, and, both times, the district court found that Willey was competent and capable of entering an informed plea of guilty. Willey received a sentence of 20 years' imprisonment on Count 3 followed by 5 years' imprisonment on Count 2. Willey's motion pursuant to Fed.R.Crim.P. 35 alleging a disparate sentence was denied. He did not file a direct appeal. (The government does not argue that this is a procedural default.)
 
 
 2
 Willey filed a petition under 28 U.S.C. § 2255, alleging that (1) he was unable to understand and appreciate the plea negotiation process prior to the indictment; and (2) counsel was ineffective for either not keeping the offer open until Willey could understand it or, alternatively, for not having taken steps to have Willey's competence evaluated. Sometime after sentencing, Willey learned that he was suffering from a bipolar disorder (manic depression). Willey asserted that, because of his mental state, it was not until the spring of 1989 that he became aware of the government's offer of plea negotiations prior to the indictment. He claims that, although he never informed counsel that he was taking valium or of any mental disorder, counsel was aware that he was under a doctor's care, on several types of medication, and was under a great deal of stress. After an evidentiary hearing, Willey's petition was denied.
 
 
 3
 The issues on appeal are: (1) whether the pleas of guilty constituted a waiver of Willey's right to litigate his competence during the plea negotiation state; (2) whether the allegation of mental incompetence in a habeas petition shifted the burden of proof to the government; and (3) whether counsel's assistance was ineffective. Willey does not claim that he was incompetent on the dates that he pleaded guilty or that his guilty pleas were not knowing or voluntary. Rather, his contention is that, had he known about the government's attempt to initiate plea negotiations, he would have accepted the government's proposal. Willey argues that, because he was at a critical stage in the criminal judicial process since he was faced with the position of pleading guilty or facing indictment, he has a right to question both his competence and counsel's assistance at that stage.
 
 
 4
 In order to obtain collateral relief, a petitioner must show a legal error that is jurisdictional, constitutional, or that constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." Marx v. United States, 930 F.2d 1246, 1250 (7th Cir.1991) (citations omitted). "[G]uilty pleas are generally accorded finality," ibid., and a valid plea of guilty waives all non-jurisdictional challenges to the constitutionality of a conviction, leaving only the voluntary and knowing nature of the plea subject to attack. United States v. Broce, 488 U.S. 563 (1989); Borre v. United States, 940 F.2d 215, 217 (7th Cir.1991). Because Willey does not challenge his competence at the times he entered his guilty pleas, he was waived the issue of his mental competence prior to those guilty pleas. Tollett v. Henderson, 411 U.S. 258, 267 (1973). By the same token, Willey has waived any contention that an allegation of pre-plea mental incompetence shifts the burden of proof to the government. United States v. Livingston, 936 F.2d 333, 336 (7th Cir.1991).
 
 
 5
 As for ineffective assistance of counsel: the claim fails at the threshold if Willey had no right to counsel before indictment. Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir.1990). See Kirby v. Illinois, 406 U.S. 682, 690 (1972) ("an accused is entitled to counsel at any 'critical stage of the prosecution' "); Silverman v. Ballantine, 694 F.2d 1091, 1096 (7th Cir.1982) ("the right to counsel attaches at the time that adversary judicial proceedings are initiated against a suspect, 'whether by way of formal charge, preliminary hearing, indictment, information, or arraignment' "). Oddly, the prosecution does not dispute Willey's assertion that the pre-indictment plea offer was a "critical stage" at which he was entitled to counsel.
 
 
 6
 However that may be, Willey cannot demonstrate that counsel's advice "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Willey admits that his mental disorder was not diagnosed until after he went to prison, and that counsel was never informed that he was taking valium. Willey does not contend that counsel failed to communicate the plea offer to him. Cf. Johnson v. Duckworth, 793 F.2d 898, 901 (7th Cir.1986). And he has not shown how counsel could have known that a question regarding his competence might exist. Willey does not argue that but for counsel's advice he would not have relinquished his constitutional safeguards by pleading guilty. Johnson, 793 F.2d at 901 (the rejection of a plea offer most likely results in a trial with all of the concomitant constitutional safeguards). On the contrary, Willey argues only that he would have pleaded guilty in any event but would have preferred the terms of the original plea offer. He thus fails both aspects of Strickland.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of this statement, the briefs, and the record, appellant's request for oral argument is denied, and the appeal is submitted on the briefs and record. Counsel's motions to withdraw and to delay oral argument are denied as moot