983 F.2d 1074
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy L. WILSON, Defendant-Appellant.
 No. 92-1107.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.
Decided Dec. 28, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Attorney Robert H. Rice filed a motion pursuant to Circuit Rule 51(a) to withdraw as appointed counsel for Roy L. Wilson. Rice's motion and supporting brief, filed in accordance with Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), claim that all issues on appeal are frivolous. The court notified Wilson of his attorney's motion, to which he responded. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss this appeal as frivolous.
 
 I.
 
 2
 The government charged Wilson with a three-count indictment for narcotics offenses.[1] After the jury returned a guilty verdict, Wilson received a sentence of 120 months on each count, to be served consecutively.[2] Wilson wished his attorney to pursue an appeal alleging insufficiency of evidence for conviction.
 
 
 3
 At trial, a drug enforcement agent with the Metropolitan Enforcement Group, Southwestern Illinois (M.E.G.), testified about two transactions he had made with Wilson for the purchase of crack cocaine. One involved the sale of thirteen grams for $800 at Wilson's residence in East St. Louis. The other transaction, for twenty-seven grams of crack cocaine in exchange for $1,500, was not consummated because agents arrested Wilson and another man before any money changed hands. An agent from the Drug Enforcement Administration on the scene at the time of this second occurrence testified that she had witnessed Wilson give the crack to the M.E.G. agent. Another M.E.G. agent also testified that he was on the surveillance team on the date of the second incident. After the government presented all of its evidence, the defendant stated for the second time that he did not wish to testify.[3]
 
 II.
 
 4
 Before this court may grant an attorney's motion to withdraw under Anders, we must satisfy ourselves that the lawyer has provided his client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. In addition, we must determine whether counsel correctly has concluded that the appeal is frivolous. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990).
 
 A. Issues raised on appeal
 
 5
 The Anders brief contains but one possible ground for appeal: Whether there was sufficient evidence to support a guilty verdict on all counts. A convicted defendant raising a challenge to the sufficiency of evidence faces a high hurdle on appeal. In considering such a claim, this court must "review the evidence in a light most favorable to the government and will reverse a conviction only if no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." United States v. Cochran, 955 F.2d 1116, 1121-22 (7th Cir.1992), petition for cert. filed, --- U.S.L.W. ---- (U.S. May 4, 1992). See also United States v. Williams, 858 F.2d 1218, 1221 (7th Cir.1988).
 
 
 6
 The jury heard the testimony of the agents, weighed their credibility, and considered evidence submitted by the government. Wilson did not attempt to controvert this evidence. After reviewing the record, we conclude that a rational jury could find Wilson guilty of the charged offenses beyond a reasonable doubt. Accordingly, we decline to reverse his conviction.
 
 
 7
 B. Issues raised in response to Anders brief
 
 
 8
 Wilson pursues several possible grounds of appeal in his response to the Anders brief. First, he contends that counsel has not provided effective representation on appeal through his failure to argue before this court that the sentencing court should have departed downward pursuant to the diminished capacity provision of the United States Sentencing Guidelines ("Guidelines"). See § 5K2.13 of the United States Sentencing Commission Guidelines Manual (1991). Also, Wilson alleges that downward departure was warranted because the second drug transaction was unconsummated.[4] He has waived these claims, however, by failing to challenge the district court's directive at sentencing. United States v. Blythe, 944 F.2d 356, 359 (7th Cir.1991); United States v. Livingston, 936 F.2d 333, 335 (7th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 884, 116 L.Ed.2d 787 (1992). At sentencing, Wilson did not request the court to take into account the diminished capacity provision or his allegation that the incident culminating in arrest constituted an uncompleted act. Nor did he object to the presentence report or the government's recommendation that he be sentenced to a statutory minimum of 120 months. Despite the waiver rule, we may reverse the district court's sentencing order if it committed plain error. See Fed.R.Crim.P. 52(b); United States v. White, 903 F.2d 457, 466 (7th Cir.1990); United States v. Wynn, 845 F.2d 1439, 1442-43 (7th Cir.1988). Our review of the record discloses no such error.
 
 
 9
 Wilson also states that he was sentenced above his Guidelines range and that he did not receive necessary notification of the court's alleged upward departure. While he correctly states the law, the facts make this claim untenable. The United States Supreme Court has held that a district court may not depart sua sponte from a Guidelines Range on a ground not identified as one for upward departure in either the presentence report or the prehearing submission by the government. Burns v. United States, --- U.S. ----, 111 S.Ct. 2182, 2185, 115 L.Ed.2d 123 (1991). Likewise, a sentencing court may not depart downwardly without providing the government with reasonable notice that it is contemplating such a ruling or its rationale for doing so. United States v. Andruska, 964 F.2d 640, 644 (7th Cir.1992). Be that as it may, nothing in the record indicates that the court either sentenced Wilson "above his Guidelines range", as he puts it, or departed upwardly (or downwardly, for that matter).
 
 
 10
 Next, Wilson contends that he did not receive proper notice of his attorney's desire to withdraw. He appears to be claiming that notice was deficient because the Anders brief was filed before he learned of Rice's intent. Circuit Rule 51(a), however, does not require that the client first be informed of the attorney's intention to withdraw from the case. In fact, it provides that the clerk of the court shall send the client a copy of the Anders brief and motion after the court enters receipt of these filings. See also United States ex rel. Russo v. Attorney General of Illinois, 780 F.2d 712, 715 (7th Cir.), cert. denied, 476 U.S. 1185, 106 S.Ct. 2922, 91 L.Ed.2d (1986).
 
 
 11
 The remainder of Wilson's claims are meritless as well. Attorney Rice's motion to withdraw from representation is GRANTED, and this appeal is DISMISSED as frivolous. Wilson's response urging withdrawal of the Anders brief and appointment of different counsel is DENIED as moot.
 
 
 
 [1]
 Count one charged Wilson with conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(A)(1). Counts two and three charged him with distribution of cocaine in violation of 21 U.S.C. § 841(A)(1)
 
 
 [2]
 A prior conviction for trafficking cocaine in the state of Georgia enhanced Wilson's sentence to a minimum term of 120 months
 
 
 [3]
 Prior to the commencement of trial, he had already indicated that he did not intend to take the stand
 
 
 [4]
 Wilson cites no authority for this proposition. The Guidelines, however, provide that a three-level downward departure may be warranted in certain circumstances when the defendant attempts a specific offense. § 2X1.1(b)(1), United States Sentencing Commission Guidelines Manual (1991)