**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William GAINES, Defendant–Appellant.**

No. 89–3277.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 28, 1989.
Decided Nov. 6, 1989.

---

**9.** Vanover argues in his brief that it is important to specify whether the underlying custody was based on a felony or misdemeanor conviction. Such distinctions are important when an escape occurs before conviction since the statute provides different punishment based on the felony or misdemeanor character of the underlying charge. Where escape occurs after conviction, however, the nature of the underlying conviction is unimportant since, as is evident from the language of the statute, it is irrelevant whether the underlying conviction is for a misdemeanor or felony.

Patrick Hanley, Asst. U.S. Atty. (argued), Cincinnati, Ohio, for plaintiff-appellee.

Robert F. Barnes, Jr. (argued), Cincinnati, Ohio, for defendant-appellant.

Before KENNEDY and NELSON, Circuit Judges, and WISEMAN, Chief District Judge.*

PER CURIAM.

The District Court convicted William Gaines of one count of unlawfully distributing cocaine after Gaines pled guilty pursuant to a plea bargain agreement. The plea agreement contained a non-binding recommendation to the court in which the parties stipulated that they believed the defendant "was a minor participant in the criminal activity set forth in the indictment and thereby qualifies for a reduction by two pursuant to Sentencing Guideline § 3B1.2." As is ordinarily the case, a United States Probation Officer prepared a presentence report. In the report, the probation officer set forth the relevant facts and based on those facts recommended that the defendant not be given a minor participant reduction.

While the defendant accepted the probation officer's findings of fact, he argued

that the facts did support the minor participant stipulation. The District Court conducted a hearing on the issue in which the court heard testimony from the probation officer and argument from the defendant's attorney.[1] The court subsequently adopted the presentence report's recommendation, concluding that the defendant was not a minor participant. Accordingly, the court denied the corresponding two point reduction in defendant's guideline offense level.

In his brief the defendant argues that the District Court could not reject the non-binding recommendation contained in the plea bargain agreement. Additionally, counsel at oral argument asserted that it was improper for the probation officer to make a sentence recommendation to the court. We reject both these arguments and affirm.

■ The plea bargain agreement conspicuously stated that the sentencing recommendation was not binding on the District Court. The agreement also made reference to *Federal Sentencing Guidelines* Section 6B1.4(d) (1987) which explains that the court is not bound by such stipulations. The defendant therefore cannot argue that the District Court was bound by the plea agreement.

■ We also reject defendant's contention that it is inappropriate for the probation officer to make a recommendation to the court. Probation officers have traditionally made such recommendations. Indeed the Federal Rules of Criminal Procedure contemplate that such recommendations will be made.[2] While the defendant is

---

* The Honorable Thomas A. Wiseman, Jr., Chief Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

1. In those arguments, and in the prior written objection to the presentence report, the defendant's attorney stated that the defendant had no objections to the factual finding of the probation officer, only to the interpretation placed on those facts.

2. Fed.R.Crim.P. 32(c)(2) and (c)(3) provides in relevant part:

(c)(2) **Report.** The report of the presentence investigation shall contain—

(B) the classification of the offense and of the defendant under the categories established by the Sentencing Commission pursuant to section 994(a) of title 28, *that the probation officer believes to be applicable* to the defendant's case....

(c)(3) **Disclosure.**

(A) At a reasonable time before imposing sentence the court shall permit the defendant and the defendant's counsel to read the report of the presentence investigation, including the information required by subdivision (c)(2) but not including *any final recommendation as to sentence* ....

(emphasis added).

correct that the sentencing decision is ultimately one for the judge, we find nothing inappropriate in allowing the probation officer to give advice to the court.[3]

The defendant has not argued that the District Court's finding was otherwise erroneous. Accordingly, we AFFIRM.

---

**3.** We also reject the defendant's assertion that the probation officer is bound by the non-binding stipulations in the plea bargain agreement. A probation officer operates under the supervision of the court, not the U.S. Attorney. *See* 18 U.S.C. § 3602 (probation officers appointed and removed by the district courts). As a functionary of the court, the probation officer is no

more bound by the stipulations than is the court itself.