**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joel L. HEILPRIN, Defendant–Appellant.**

**No. 89–1845.**

United States Court of Appeals, Seventh Circuit.

Argued May 14, 1990.

Decided Aug. 21, 1990.

Thomas M. Dawson, Leavenworth, Kan., Richard Heilprin, Madison, Wis., for defendant-appellant.

Before CUDAHY and EASTERBROOK, Circuit Judges, and SNEED, Senior Circuit Judge.[*]

CUDAHY, Circuit Judge.

Joel Heilprin pleaded guilty to an information charging him with possession with intent to distribute two ounces of cocaine. On appeal, he challenges his sentence. We affirm.

## I. BACKGROUND

Joel Heilprin was 21 years old when he was caught dealing cocaine. Federal agents executed a valid search warrant of an apartment in Madison, Wisconsin, where they discovered two ounces of cocaine. The agents obtained information that Heilprin was the source of the cocaine. Through the mediation of a confidential informant, the agents met Heilprin, purchased two ounces of cocaine from him and subsequently negotiated a deal for an additional eight ounces. When Heilprin was arrested, the eight ounces he had arranged to sell the agents were discovered in his apartment. By agreement with the government, Heilprin pleaded guilty to a one-count information charging him with possession with intent to distribute two ounces of cocaine.[1] Also pursuant to that agreement, the government granted Heilprin immunity, and he provided substantial and valuable information about others involved in large-scale cocaine distribution. Heilprin's cooperation persuaded the government to recommend a 16 month prison sentence.

The probation office initially calculated a base offense level of 14, based on the two-ounce charge of which Heilprin was con-

Grant C. Johnson, Daniel P. Bach, Asst. U.S. Atty., Office of the U.S. Atty., Madison, Wis., for plaintiff-appellee.

[*] The Honorable Joseph T. Sneed of the Ninth Circuit is sitting by designation.

1. The terms of the plea agreement are set out in a letter from the government to Heilprin which appears in full in Appellant's App. at 8–10. The transcript of the plea hearing indicates that Heilprin agreed to those terms and further establishes the court's full compliance with the requirements of Federal Rule of Criminal Procedure 11(c). R. 33. We are satisfied that the plea agreement was valid. Heilprin does not argue to the contrary.

victed. Subsequently, however, the probation office issued a corrected sentencing guidelines worksheet indicating a recalculated offense level of 22, based on the government's evidence that Heilprin had possessed and distributed a total of 12 ounces of cocaine. A recommended two-level reduction for acceptance of responsibility resulted in a final sentencing range of 33–41 months imprisonment, almost twice the initially calculated range of 15–21 months. Appellant's App. at 26.[2]

In its original report to the court, the probation office made the following observation:

> Following his arrest, [Heilprin] received a grant of immunity from prosecution and acknowledged to authorities that his total involvement in cocaine deliveries involved substantially greater total amounts. These admissions, although made for the benefit of the government's investigation, and to disassociate the defendant from his previous drug suppliers, indicates [sic] that he was a significantly larger dealer than might be indicated by the actual charge of conviction. The court could be influenced to sentence the defendant above the established sentencing guideline range of 15–21 months.

Appellant's App. at 25. Evidently, the probation office caught its error in suggesting the possibility of an enhanced sentence based on immunized admissions. In the amended report, the probation office stated that "the base offense level should be calculated based on the provable offense behavior, *excluding any information provided by the defendant with a grant of immunity.*" *Id.* at 26 (emphasis added). The amended report did, however, cite as an aggravating factor Heilprin's "knowledge of significantly large cocaine transactions" conducted by Heilprin's source and others. *Id.* at 33. The amended report did not specify whether that information was

derived from Heilprin's immunized statements.

The record reveals that the district judge considered the total provable behavior (12 ounces), as recommended by the probation office, and then departed downward to 26 months imprisonment because of several mitigating factors.[3] Judge Crabb refused, however, to depart down to the government's recommended sentence of 16 months. R. 34 at 18–19.[4]

Heilprin now challenges his sentence on three grounds. First, he claims that the probation office acted outside its authority by preparing the presentence report and by presenting a confidential sentencing recommendation to the court. Second, he charges the probation office with violating his immunity agreement in preparing the presentence report. Finally, Heilprin contends that his sentence is disproportionate in comparison with the sentences of his co-defendants.

## II. DISCUSSION

■ The government argues that Heilprin has waived the first two issues by failing to raise them before the district court. The record supports the government's contention. In defense, Heilprin refers us to several cases from other circuits in which the defendant did not properly object at the sentencing hearing or in a post-trial motion, but was nevertheless permitted to raise the objection on appeal. *United States v. Moscahlaidis*, 868 F.2d 1357 (3rd Cir.1989); *United States v. Brody*, 808 F.2d 944 (2nd Cir.1986); *Paradiso v. United States*, 689 F.2d 28 (2nd Cir.1982), *cert. denied*, 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983). These cases, however, deal with the timing not of objections to the presentence report but of claims that the government had violated the defendant's plea

---

**2.** Heilprin was assigned a criminal history category of I.

**3.** Those factors included Heilprin's acceptance of responsibility and ready cooperation with the government, his age and his emotional state. R. 34 at 18.

**4.** Although Judge Crabb did not specify her reasons for the refusal, it is clear from the sentencing transcript that she was strongly concerned about deterring others from engaging in drug trafficking and that she believed Heilprin could benefit from his prison experience. R. 34 at 18–19.

agreement. In fact, this line of cases does not seem to apply to belated challenges to the presentence report where the defendant has had ample opportunity to review and object to the report's contents: the Second Circuit implicitly made this distinction in *Brody* when it refused to consider a challenge to a presentence report made for the first time on appeal. 808 F.2d at 947.

Heilprin had three opportunities to object to the presentence report and the probation office's authority to make a confidential recommendation: he could have raised these issues before sentencing, at the sentencing hearing itself or in his post-sentencing motion.[5] It is by now the clear rule in this circuit that a defendant who has been afforded such opportunities to raise a sentencing challenge to the district court must avail herself of these opportunities, or risk waiver of the claim on appeal. *United States v. Smith*, 897 F.2d 909, 911 (7th Cir.1990) (per curiam); *United States v. Lewis*, 896 F.2d 246, 249 (7th Cir.1990); *United States v. Brown*, 870 F.2d 1354 (7th Cir.1989); *United States v. Mealy*, 851 F.2d 890 (7th Cir.1988).

■ Since Heilprin has waived his right to challenge the probation office's authority to prepare the presentence report and to make a confidential sentencing recommendation, we may reach these issues only by application of the plain error rule. Fed.R. Crim.P. 52(b). We do not, however, find plain error here. Heilprin's claim that the probation office did not have the authority to prepare a report or make a confidential sentencing recommendation is plainly wrong. Rule 32(c)(1) of the Federal Rules of Criminal Procedure expressly authorizes the probation office to "make a presen-

tence investigation and report to the court." And Rule 32(c)(3)(A) states that "the court shall permit the defendant ... to read the report of the presentence investigation *exclusive of any recommendation as to sentence.*" (Emphasis added.) *See United States v. Gaines*, 888 F.2d 1122 (6th Cir.1989) (per curiam) (rejecting claim that it is inappropriate for probation officer to make sentencing recommendation to court). *Cf. United States Dept. of Justice v. Julian*, 486 U.S. 1, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988) (holding that confidential sentencing recommendation under Rule 32(c)(3) is exempt from disclosure under Freedom of Information Act). Heilprin gains no advantage by arguing that the report and recommendation violated sentencing guidelines sections 6A1.1 and 6A1.-2, as well as 18 U.S.C. section 3552(d), because these provisions simply repeat Rule 32(c)'s requirement that the probation office prepare a presentence report unless the court already has sufficient information on which to base its sentence.

Heilprin implicitly challenges both the constitutionality of Rule 32 and the constitutionality of the district court's general order concerning the preparation of presentence reports.[6] Heilprin concedes that he has reviewed the presentence report in his case and has had an opportunity to refute its contents before the district court. This is what due process guaranteed him: he had no constitutional or statutory right to be informed of the particular sentencing recommendation made by the probation office to the district court. His claim that the probation office exceeded its authority in this case is therefore meritless. *See United States v. Belgard*, 894 F.2d 1092, 1096–99 (9th Cir.1990).[7]

---

5. It is noteworthy that Heilprin did in fact file a motion with the district court requesting reconsideration of his sentence, but he did not mention either of these two issues as grounds for reconsideration. *See* Appellant's App. at 48–49, 50–60.

6. The district court's general order simply details the manner in which presentence reports are to be compiled and presented to the court. Appellant's App. at 76–82.

7. Heilprin also suggests somewhat cryptically that the probation officer impermissibly acted

like a United States magistrate when he discussed with each party, separately and together, their views of the amended offense level calculation. In no way did the probation officer "arbitrate" a dispute between Heilprin and the government on this point. The probation officer simply followed the procedures outlined in the district court's general order for attempted informal resolution of objections to the presentence report. Having heard both sides, the officer reported both the parties' objections and his responses to the objections to the district court. The district court was at all times perfectly free

Heilprin's second (waived) claim—that his sentencing worksheet violated his immunity agreement—also fails to satisfy the plain error standard. Heilprin simply has stated no facts to support this charge. Even a determination that the probation office's ambiguous remark about Heilprin's knowledge of "large" cocaine transactions was derived from immunized statements would not be fatal to the sentence; a presentence report does not bind the sentencing judge to its recommendations, nor does it impermissibly bias the judge. *Belgard,* 894 F.2d at 1097. More importantly in this case, the district judge gave no indication whatsoever that she relied on any evidence derived from Heilprin's immunized statements when she imposed his sentence. Appellant's App. at 42. Each of the reasons Judge Crabb gave for her decision was perfectly proper. Based on the record before us, we cannot conclude that the information used by the district court to determine Heilprin's sentence violated the immunity agreement.

■ Heilprin's final challenge, although properly preserved, fails on the merits. He complains that his co-defendants received proportionately lesser prison terms than he. The only evidence Heilprin presents on this point is the case of Todd Butler. Butler evidently was also tied to a total of 12 ounces of cocaine; he was about the same age as Heilprin; he assisted the government in its investigation; and he received a sentence of 28 months imprisonment. Simple arithmetic demonstrates that Butler's sentence exceeded Heilprin's by two months. From the evidence presented to us, we perceive no significant disparity between Heilprin's sentence and Butler's. In any event, "[d]isparity alone does not make out a claim of abuse of sentencing discretion." *United States v. Monzon,* 869 F.2d 338, 347 (7th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 2087, 104 L.Ed.2d 650 (1989); *see also United States v. Smith,* 897 F.2d 909, 911 (7th Cir.1990) ("Nothing in 18 U.S.C. § 3742(a) . . . allows review of a sentence imposed in conformity with the

Guidelines on grounds that a co-defendant was treated differently.").

Although he ultimately received a lower sentence than Butler, Heilprin nevertheless protests the fact that Butler's plea agreement stipulated a total offense amount (12 ounces), while his own did not. Heilprin "suggests" to this court, without proffering any supporting facts, that Butler's offense behavior would have exceeded 12 ounces but for the plea agreement. The plea agreement may have bound the government to recommend to the court that Butler's sentence be based on a total offense amount of 12 ounces, but such a stipulation could not bind the court. Fed. R.Crim.P. 11(e)(1). We have previously held that the offense level should account for criminal conduct that is part of the same course of action or plan as the offense of conviction. *United States v. White,* 888 F.2d 490 (7th Cir.1989) (interpreting guidelines section 1B1.3(a)(2)). We will not assume, solely on the basis of Heilprin's unfounded allegations, that the district court disregarded its sentencing obligations in Butler's case.

It is clear to us that the district court properly calculated Heilprin's base offense level. All 12 ounces of cocaine were traceable to Heilprin independently of his immunized statements, and that amount was therefore an acceptable basis for the offense level calculation. Todd Butler's case is not before us, and we refuse to speculate whether the district court accurately calculated his offense level.

Heilprin's disproportionality argument appears to be, at bottom, an expression of his disappointment at the *extent* of the departure he did receive. We recently held that appellate courts lack jurisdiction to review a defendant's challenge to the extent of a downward departure from an otherwise appropriate sentence. *United States v. Gant,* 902 F.2d 570 (7th Cir.1990) (interpreting 18 U.S.C. § 3742(a)); *accord United States v. Pighetti,* 898 F.2d 3, 4 (1st

to disagree with the probation officer's position, which at all times remained no more than a

sentencing recommendation.

Cir.1990) ("[W]e have no jurisdiction to review the extent of a downward departure merely because the affected defendant is dissatisfied with the quantification of the district court's generosity.").

The judgment of the district court is therefore

AFFIRMED.