935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alice M. BLACKWELL, Defendant-Appellant.
 No. 90-5711.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 3, 1991.
Decided June 17, 1991.
As Amended July 17, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-89-294)
 Michael R. Cline, Charleston, W.Va., for appellant.
 Jacquelyn Irwin Custer, Office of the United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alice Blackwell appeals her conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. Secs. 846 and 841. Because we find no merit to her appeal, we affirm.
 
 
 2
 * Blackwell received a 210-month sentence, plus six years of supervised release, after she pled guilty in 1990 to one count of conspiracy to distribute cocaine.
 
 
 3
 Blackwell's attorney filed a brief with this Court certifying that there were no meritorious issues to appeal, pursuant to Anders v. California, 386 U.S. 738 (1967). Blackwell then filed a supplemental brief containing claims that her guilty plea was involuntary, that her sentence was unfair because she received a longer term of imprisonment than her more-culpable codefendants, she never received a copy of her pre-sentence report, she was misclassified as a career offender, and the district court improperly made adjustments for her role in the offense and use of a weapon.
 
 
 4
 We deal first with Blackwell's claims that her guilty plea was involuntary, and that she never received her pre-sentence report. Representations made by the defendant, the defense counsel, and the prosecutor at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding. Blackledge v. Allison, 431 U.S. 63, 75 (1975). A defendant's statements at a plea hearing which facially demonstrate that his plea is valid are conclusive, unless he presents compelling reasons why they should not be so considered. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981). Because our examination of Blackwell's plea colloquy clearly establishes that her plea was voluntary, that the district court complied with Fed.R.Crim.P. 11 when accepting her plea, and that she did view her pre-sentence report and discuss it with her attorney before sentencing, we dismiss these claims.
 
 
 5
 Blackwell also claims that her sentence was excessively harsh because her codefendants received much lighter sentences for similar conduct. A sentencing court is not obliged to consider the sentence of a codefendant when imposing sentence. See United States v. Foutz, 865 F.2d 617 (4th Cir.1989). In addition, unless a suspect classification or fundamental right is involved, a defendant raising an equal protection challenge to a sentence must show that similarly-situated persons are subject to disparate treatment that has no rational basis. United States v. Roberts, 915 F.2d 889 (4th Cir.1990) cert. denied, 59 U.S.L.W. 3581 (U.S.1991). Blackwell has clearly failed to meet this burden. Therefore, this claim is also dismissed.
 
 
 6
 We deal next with Blackwell's claim that she was misclassified as a career offender. Blackwell's attorney did not object to her classification as a career offender at sentencing. Therefore, her allegation that she was misclassified is waived, see United States v. Heilprin, 910 F.2d 471, 474 (7th Cir.1990).
 
 
 7
 Our review of the record reveals that the district court's findings concerning Blackwell's role in the offense and use of a weapon were not clearly erroneous and, in any event, did not affect her sentence in light of her career offender status. Therefore, we dismiss these claims as well.
 
 
 8
 As required by Anders, we have independently reviewed the entire record and considered all other arguable issues. We conclude that there are no nonfrivolous grounds for appeal.
 
 
 9
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that an appointed attorney inform his client in writing of his right to petition the Supreme Court for a writ of certiorari. See Plan of the United States Court of Appeals for the Fourth Circuit in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A). If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client.
 
 II
 
 10
 Because the record discloses no reversible error, we affirm Blackwell's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.