958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
James O. EDGCOMB, Defendant/Appellant.
 No. 91-2702
 United States Court of Appeals, Seventh Circuit.
 Argued March 4, 1992.
Decided March 16, 1992.
 
 Before CUMMINGS, and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Elected by the people to serve as Treasurer of Macon County, Illinois, James Edgcomb rewarded the electorate by siphoning funds ex cathedra from the public purse. When caught, Edgcomb pleaded guilty to one count of embezzlement, 18 U.S.C. § 666 (1988), and one count of wire fraud, 18 U.S.C. § 1343 (1988). The district court sentenced Edgcomb to thirty months' confinement followed by three years of supervised release. The court also directed Edgcomb to pay $158,460.38 in restitution during his supervised release. In setting Edgcomb's schedule for making restitution, the court, recognizing that Edgcomb's finances were in shambles, arranged a restitution schedule that would allow Edgcomb to pay what he could when he could. Part of this schedule ordered Edgcomb to pay $12,500 immediately. Those funds, the court found, could be paid from the $25,000 bank account held in his wife's name that Edgcomb had been using to secure his release on bond. The $25,000 came from the money that the Edgcombs salvaged from the sale of their house. Recognizing that Edgcomb's wife also had an interest in the property, the court ordered Edgcomb to pay as immediate restitution only half of the money in the account.
 
 
 2
 The only issue Edgcomb raises on appeal is the propriety of the court's ruling that requires him immediately to pay $12,500. But we must first consider whether Edgcomb preserved this issue for appeal. He argued in a presentencing filing that the state could not go after the $25,000 in his wife's account. See Position of Def. with Respect to Sent'g Factors. (R.14.) Edgcomb, however, has never before today disputed the court's specific order that he pay $12,500 immediately. He never disputed at the sentencing hearing the $12,500 restitution requirement despite ample opportunity to do so. The state raised waiver of this issue as its primary argument in its brief before this court, but Edgcomb never replied until confronted by the question at oral argument. When a defendant fails to object to the court's sentence either before, at, or after the sentencing hearing, he waives that objection for appeal. United States v. Heilprin, 910 F.2d 471, 474 (7th Cir.1990); United States v. Livingston, 936 F.2d 333, 336 (7th Cir.1991).
 
 
 3
 Even if Edgcomb did preserve the issue to argue on appeal he does not make a case to prevail on appeal. It is well established that, "[i]n ordering restitution under the Guidelines, 'the court shall consider the amount of loss the victim suffered as a result of the offense, the financial resources of the defendant, the financial needs of the defendant and his dependents, and other factors the court deems appropriate.' " United States v. Brick, 905 F.2d 1092, 1099 (7th Cir.1990) (citing U.S.S.G. § 5E1.1, comment. (backg'd.)).
 
 
 4
 The court, prior to sentencing, reviewed the presentence investigation report (psi) prepared for Edgcomb's sentencing, which contained financial information about Edgcomb and his dependents, including his total assets, his total debt, his total income, and his total expenses. The judge noted Edgcomb's "poor financial condition" and concluded that it was due to "his own conduct and manipulation of his affairs." Sent'g tr. at 57. The court found that, despite Edgcomb's current state of affairs, "[h]e's educated, capable, has skills and undoubtedly will be employed in the future. He has no dependents ... [and h]is wife is employable, capable of supporting herself." Id. This is not a case in which the court "simply forgot or disregarded" the mandatory factors for consideration of restitution. Cf. United States v. Mahoney, 859 F.2d 47 (7th Cir.1988).
 
 
 5
 The court must have also reviewed the potentially mitigating effect of the mandatory factors. As long as the sentencing court considered the mandatory factors in the light of reliable information, this court must defer to its findings unless they are clearly erroneous. United States v. Studley, 892 F.2d 518, 531 (7th Cir.1990). Edgcomb bore the burden of showing that his finances warranted that the court resolve the restitution dispute in his favor. 18 U.S.C. § 3664(d) (1988). Legally, Edgcomb argues that he did not buy his house with embezzled funds so the court cannot order restitution from those funds. But the fact that the money came from the sale of a house purchased with money other than the proceeds of his embezzlement is irrelevant. United States v. Gomer, 764 F.2d 1221, 1224 (7th Cir.1985) (restitution order may reach all assets if all other requirements are satisfied). Factually, Edgcomb contends that the court could not order him to pay $12,500 from an account in his wife's name, and that the restitution order financially will harm his wife, thus he is financially unable to pay $12,500. The court, however, found that Edgcomb's transferral of the money to his wife's account was a "manipulation of his affairs" that blurred the true picture of his financial well being. It also found that requiring payment of his half of the account would not hurt his wife because she was employable and otherwise had the means to support herself. These findings, moreover, militate in favor of the court's decision to direct the restitution order against Edgcomb's share of the bank account. The facts in the psi support these findings, so we do not find clear error. The court did not err by finding that Edgcomb had the wherewithal to pay the portion of the restitution order in dispute.
 
 
 6
 AFFIRMED.