966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Monroe Roosevelt PARKER, Defendant-Appellant.
 No. 91-5525.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1992
Decided: June 29, 1992
 
 Argued: Robert Joseph Stoney, Hunton & Williams, Richmond, Virginia, for Appellant.
 Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 On Brief: Kenneth E. Melson, United States Attorney, Carl J. Stevens, Third Year Practice, Norfolk, Virginia, for Appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Monroe Parker pleaded guilty to making a false statement on a student loan application in violation of 18 U.S.C.s 1001. Parker asks us to overturn his conviction on the ground that his guilty plea was involuntarily entered, and contends that the district court committed a number of errors in its application of the Sentencing Guidelines. We affirm the conviction and most of the district court's rulings at sentencing. We remand, however, to allow the district court to clarify the basis for one of the upward adjustments it made to Parker's offense level under the Guidelines.
 
 I.
 
 2
 In October 1990, the Grand Jury for the Eastern District of Virginia indicted Monroe Parker on four counts of making false statements in various loan applications. On the advice of counsel, Parker pleaded guilty to a criminal information charging that on January 30, 1989, he falsely represented on a student loan application that he was not in default on any prior loans. In return, the government agreed to dismiss the four-count indictment.
 
 
 3
 The district court accepted Parker's guilty plea after advising him of his rights and questioning him at length to ensure that his plea was intelligent and voluntary. The probation officer then prepared a presentence report, and the district court sentenced Parker under the Sentencing Guidelines. The court calculated Parker's offense level at 9 under the Guidelines, and sentenced him to eighteen months' incarceration. The court also ordered Parker to pay restitution of $ 3,725.
 
 II.
 
 4
 Parker first challenges his conviction on the ground that his guilty plea resulted from ineffective assistance of counsel and was thus involuntary. Parker alleges that his trial counsel's failure to explore the availability of an insanity defense fell below the standard of reasonable competence and rendered him incapable of making an intelligent or voluntary plea. Thus, Parker requests that we remand for withdrawal of his guilty plea.
 
 
 5
 We refuse to do so. In order to succeed in overturning his guilty plea Parker must show (1) that his attorney's counsel was ineffective-that it "fell below an objective standard of reasonableness"; and (2) that his attorney's ineffective performance "affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 56-59 (1985). Courts have consistently refused to address ineffective assistance of counsel issues on direct appeal, and have mandated that they be resolved in a collateral proceeding under 28 U.S.C. § 2255. See United States v. Gambino, 788 F.2d 938, 950 (3d Cir. 1986); United States v. Mandello, 426 F.2d 1021, 1022-23 (4th Cir. 1970). Although this court has suggested that there may be an exception to this rule "where it conclusively appears in the trial record itself that the defendant was not provided on trial with effective representation," Mandello, 426 F.2d at 1023, there is nothing in the record here to support such a conclusion. Indeed, Parker stated on the record that his attorney had represented him "well and brought across the points that [he] ha[d] asked him to," and the district court accepted Parker's plea only after it conducted a proceeding that met the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Hence, we refuse to sanction the withdrawal of Parker's guilty plea and affirm his conviction.
 
 III.
 
 6
 Parker also raises several objections to the district court's rulings at sentencing. The district court calculated Parker's offense level at nine under the Sentencing Guidelines. First, the court noted that § 2F1.1 sets the base level for Parker's offense at six. U.S.S.G. § 2F1.1(a). The court then imposed a one-level upward adjustment for a loss exceeding $ 2,000 under § 2F1.1(b)(1)(B) and a two-level upward adjustment under § 2F1.1(b)(2). Finally, the court imposed a two-level downward adjustment for acceptance of responsibility, id. § 3E1.1, and a two-level upward adjustment for obstruction of justice, id. § 3C1.1. Parker challenges both of the two-level upward adjustments imposed by the district court.
 
 A.
 
 7
 Parker argues that the district court erred in imposing a two-level upward adjustment under § 2F1.1(b)(2). That section provides for such an adjustment "[i]f the offense involved (A) more than minimal planning, or (B) a scheme to defraud more than one victim." Id. § 2F1.1(b)(2). Parker argues that the adjustment under § 2F1.1(b)(2) was improper since there was no competent evidence that his offense involved a scheme to defraud more than one victim.[1] The government disagrees, and argues further that the court might have imposed the adjustment on the ground that the offense involved more than minimal planning.
 
 
 8
 We have reviewed the record, and we think the district court failed to adequately explain the basis for the two-level adjustment under § 2F1.1(b)(2). Initially, the district court rejected Parker's argument that there was only one victim of his fraud. Despite this ruling, the court did not include an adjustment for multiple victims in its final calculation of the offense level. Rather, the court suggested for the first time that it was imposing a two-level upward adjustment for "more than minimal planning," without giving any indication of the basis for such a finding. Because of the confusion in the record on the reason for an adjustment under § 2F1.1(b)(2), we remand to give the district court an opportunity to clarify its ruling on this issue.
 
 B.
 
 9
 Parker also contends that the district court erred in imposing an upward adjustment for obstruction of justice unders 3C1.1. The district court based this adjustment on its finding that Parker had provided "materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, comment. (n.3(h)). Specifically, the court found that Parker falsely stated that he had been divorced and that he had canceled an earlier mortgage loan. At the sentencing hearing, Parker objected to the adjustment on the ground that his statement that he had been divorced was not knowingly false. Parker renews that objection on appeal, and also attempts to raise other objections that were not made below.
 
 
 10
 We affirm the imposition of this adjustment. The district court specifically rejected Parker's argument that he did not know that he was not divorced, and Parker has failed to point to anything that would indicate that that finding was clearly erroneous. Moreover, Parker failed to object to or to present any evidence that would contradict the finding in the presentence report that he had provided false information about the cancellation of the mortgage loan. Absent some affirmative showing by Parker that that information was inaccurate, the district court was entitled to adopt the findings of the presentence report, United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990), and Parker cannot now raise new objections to the accuracy or materiality of those findings. United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir. 1991) (failure to object to factual inaccuracies in presentence report constitutes waiver of the issue on appeal); United States v. Heilprin, 910 F.2d 471, 474 (7th Cir. 1990) (same). We therefore affirm the district court's application of the adjustment under § 3C1.1.[2]
 
 IV.
 
 11
 Parker's final contention is that the district court erred in requiring him to pay restitution in the amount of $ 3,725. Parker argues that the amount of the loan involved in the offense to which he pleaded guilty was $ 2,441, and suggests that that amount must dictate the amount of restitution. Again we affirm, however, on the ground that Parker failed to raise an objection in the sentencing proceeding below. The district court apparently based its assessment of the amount of Parker's restitution on the presentence report's finding that Parker had fraudulently received net loan proceeds of $3,725, and Parker, rather than disputing this amount, specifically affirmed that he received $3,725 in student loans. Parker's failure to challenge that finding below requires that we affirm it on appeal. See Saucedo, 950 F.2d at 1518; Heilprin, 910 F.2d at 474; Terry, 916 F.2d at 162.
 
 V.
 
 12
 For the foregoing reasons, the judgment of the district court is
 
 
 13
 AFFIRMED IN PART AND REMANDED.
 
 
 
 [1]
 The district court ruled that the criminal conduct to be considered at sentencing was limited to that charged in the criminal information, and did not extend to the conduct charged in the dismissed indictment. While we disagree with the district court that the relevant conduct under the Sentencing Guidelines did not include the conduct charged in the indictment, see United States v. Quintero, 937 F.2d 95, 97 (2d Cir. 1991) (upholding authority of sentencing judges to consider conduct charged in dismissed counts); United States v. Williams, 880 F.2d 804, 805-06 (4th Cir. 1989) (district court entitled to consider quantities of cocaine not specified in count to which defendant entered guilty plea), the government has not appealed so the district court's ruling stands as the law of the case
 
 
 [2]
 We also note that our holding in United States v. Dunnigan, 944 F.2d 178, 183-85 (4th Cir. 1991), cert. granted, 60 U.S.L.W. 3793 (U.S. May 26, 1992) (No. 91-1300), forbidding application of thes 3C1.1 enhancement to a defendant whose denial of guilt at trial is disbelieved, does not extend to a defendant who voluntarily provides misinformation to a probation officer