968 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott B. GARRETT, Defendant-Appellant.
 No. 89-3808.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided July 20, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Scott Garrett pled guilty to one count of conspiring to deal cocaine, 21 U.S.C. §§ 841(a)(1), 846 (1988). The court sentenced Garrett to 37 months' imprisonment, and ordered him to pay $900 in restitution to the Illinois State Police--half the amount the police used to buy drugs from Garrett and his girlfriend while investigating their drug dealing. He appeals the restitution order only.
 
 
 2
 Garrett's first argument is that the court imposed restitution without considering his ability to pay. This is the first time Garrett has raised this objection. As the government correctly argues, Garrett waived this objection for appeal by failing to object to the court's sentence either before, at, or after the sentencing hearing. United States v. Heilprin, 910 F.2d 471, 474 (7th Cir.1990).
 
 
 3
 Garrett's alternative argument is that his counsel's failure to object to the restitution order amounted to ineffective assistance of counsel. To succeed on this claim he must show that his counsel's representation fell below "an objective standard of reasonableness," and "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Would an objection have changed the court's decision to order $900 in restitution? Ability to make the payment is one of the mandatory factors that a court must consider before ordering restitution. U.S.S.G. § 5E1.1, comment. (backg'd.). As long as the sentencing court considered this factor in the light of reliable information we defer to its findings unless they are clearly erroneous. United States v. Studley, 892 F.2d 518, 531 (7th Cir.1989). The presentence report provided the court with information about Garrett's net worth, prospects for employment, educational history, and prior spending habits. The court weighed all this evidence and concluded that Garrett should pay half the money lost during the investigation. This is not a case in which the court abused its discretion by disregarding the mandatory factors, cf. United States v. Mahoney, 859 F.2d 47 (7th Cir.1988), nor is it a case in which the record thirsts for information concerning defendant's financial condition. Cf. United States v. Peden, 872 F.2d 1303 (7th Cir.1989). Garrett has not shown that had his counsel objected the court would have ordered restitution less than $900, or no restitution at all.
 
 
 4
 We do note, however, that the judgment was silent as to time of payment. 18 U.S.C. Section 3663(f)(1) authorizes the court to permit delayed payment, and (f)(3) provides that if not so permitted, restitution shall be made immediately. Under the circumstances of this case it seems likely that omission of delayed payment pursuant to (f)(1) was inadvertent. Garrett did not raise any argument concerning this point, however, and therefore waived it.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs