976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Raul CRUANAS, Defendant/Appellant.
 No. 91-1382.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.*
Decided Sept. 18, 1992.
 
 Before CUDAHY, and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 The FBI arrested Raul Cruanas for possessing ten kilograms of cocaine. 21 U.S.C. § 841(a)(1). For ten months, between the time of his arrest and the time he pled guilty, Cruanas worked for the government trying to help the FBI arrest drug dealers whom he had targeted. Cruanas's efforts failed; the government arrested no one and seized no drugs.
 
 
 2
 The court scheduled a sentencing hearing for January 22, 1990. The hearing, however, did not take place until over a year later because the court granted Cruanas three continuances so that he could try further to help the FBI arrest suspected drug dealers. But despite the continuances Cruanas's efforts had borne no fruit by the time the court finally sentenced him.
 
 
 3
 Because Cruanas's efforts were useless to the government, the government made no motions to the court requesting that it depart downward either from the applicable guidelines range, U.S.S.G. § 5K1.1, or from the statutory mandatory minimum sentence. 18 U.S.C. § 3553(e). Cruanas, however, argued that the government had in fact already made such a motion by virtue of the testimony of an FBI agent who had worked with Cruanas in his failed attempts to help arrest other drug dealers. The agent had testified that Cruanas "put out," was "a hundred percent with us," and that as a result "should have some consideration of what he did regardless of the fact that he has not produced anything." According to Cruanas, because this testimony was given by an FBI agent, who works for the Department of Justice, the "government" had moved for a downward departure. The court rejected this argument stating that the motion had to be made by the government attorney on the case, not by the FBI agent. The court then announced that it would accept the probation officer's recommendation that Cruanas be sentenced at a base offense level of 32, which carried a sentencing range of 121 to 151 months. The court said that it would sentence Cruanas to 121 months. But then, citing his substantial assistance to the government, the court departed downward one month to give Cruanas a sentence, equal to the mandatory minimum, of 120 months' imprisonment.
 
 
 4
 Cruanas's first argument on appeal is that the government's unreasonable refusal to move for downward departure violated his constitutional rights. Cruanas, though, waived this argument by failing to raise it at the sentencing hearing. United States v. Heilprin, 910 F.2d 471, 474 (7th Cir.1990). At the sentencing hearing Cruanas argued solely that the government had in fact moved for a downward departure by virtue of the FBI agent's testimony. He made no argument about the reasonableness of the government's refusal to move. Indeed, if he had argued that the government failed to move, it would have defeated his argument that it did so move. A general objection seeking a lower sentence does not preserve specific arguments as to why the same should be granted. United States v. Donatiu, 922 F.2d 1331, 1334 (7th Cir.1991).
 
 
 5
 Cruanas's argument that the FBI agent's testimony must be deemed the government's motion for downward departure is without merit. "The Guidelines unambiguously require that the government file a motion to trigger section 5K1.1." United States v. Brick, 905 F.2d 1092, 1098-99 (7th Cir.1990); Wade v. United States, 112 S.Ct. 1840, 1843 (1992). This means that the attorney for the government formally and expressly must move to have the defendant's sentence moved downward from the sentencing range. "There are no exceptions to the motion requirement." Brick, 905 F.2d at 1099; United States v. Egan, No. 90-3008, slip op. at n. 3 (7th Cir. July 9, 1992). 18 U.S.C. § 3553(e) also requires that a formal motion be made. Brick, 905 F.2d at 1099. The government's refusal to make a formal motion--in fact the government's attorneys, vigorously fought downward departure--denied Cruanas any chance at a downward departure.
 
 
 6
 Cruanas claims that the court erred by sentencing him according to a base offense level of 32 when it should have sentenced him according to a base offense level of 30. A 32 carries a sentencing range of 121-151 months; a 30 carries a sentencing range of 97-121 months. The only error that the court made at sentencing it made in Cruanas's favor. After finding the proper base offense level to be 32, a finding supported by the record, the court, on its own, departed downward one month from the bottom of the appropriate range to set the sentence at 120 months. The court cited Cruanas's substantial assistance to the government's investigation of drug dealers as its reason for departure. This was an improper reason for departure, but the government thought the error minimal, so it chose not to appeal the sentence. Because the government accepts the sentence, Cruanas is arguing for something he already has: a sentence in the range of 97 to 121 months. Cf. United States v. Dillon, 905 F.2d 1034, 1037 (7th Cir.1990). To the extent he thinks the judge wanted to sentence him to the low end of the lower range, see United States v. Mount, No. 92-1087, slip op. at 5 (7th Cir. June 25, 1992), the argument fails because § 3553(e), absent a motion from the government, compelled the judge to sentence Cruanas to the statutory mandatory minimum sentence of 120 months. As we have already found, the government did not move the court to depart below the statutory minimum sentence.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record