989 F.2d 495
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Nancy BALLENGEE, Defendant-Appellant.
 No. 92-5560.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 11, 1992
Decided: March 12, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-92-82)
 Susan E. Morton-Smith, SMITH & MORTON-SMITH, Huntington, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Paul T. Farrell, Assistant United States Attorney, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Nancy Ballengee appeals from her conviction and forty-one month sentence pursuant to a plea agreement.[1] Since her ineffective assistance of counsel claims should be brought in a motion under 28 U.S.C. § 2255 (1988) and since she has waived her other sentencing claims because they were not raised in the district court at sentencing, we affirm Ballengee's conviction and sentence.
 
 
 2
 Ballengee asserts that the court should have reduced her offense level for acceptance of responsibility because of her cooperation with the government. Because she did not assert this claim at sentencing, it is waived. United States v. Heilprin, 910 F.2d 471, 474 (7th Cir. 1990). Even if Ballengee did not waive the claim, it is meritless because she has not demonstrated by a preponderance of the evidence she accepted responsibility for all her criminal conduct. See United States v. Underwood, 970 F.2d 1336 (4th Cir. 1992); United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990).
 
 
 3
 Ballengee next alleges that she received ineffective assistance of counsel because her attorney did not raise any objections to her presentence report.[2] Ineffective assistance claims in federal cases should be raised by motion under 28 U.S.C. § 2255 unless it "conclusively appears" in the trial record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir. 1973); see also United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). Since the record on appeal does not conclusively demonstrate ineffective assistance of counsel, Ballengee should assert these claims in as 2255 motion.
 
 
 4
 Ballengee alleges that her sentence is improper because the government did not move that she receive credit for substantial assistance to the government.[3] Since Ballengee did not raise this claim at her sentencing hearing, it is waived. Heilprin, 910 F.2d at 474. Moreover, even if the issue was preserved for our review, it is meritless. See Wade v. United States, 60 U.S.L.W. 4389 (U.S. 1992). We therefore affirm Ballengee's conviction and sentence.
 
 AFFIRMED
 
 
 [1]
 We grant Ballengee's motion to submit her appeal on the briefs, which the government did not oppose
 
 
 [2]
 Relying on Anders v. California, 386 U.S. 738 (1967), appellate counsel asserted that this issue "was beyond the scope of the statute permitting the appeal to this Court, and must wait for presentation in a Petition for a Writ of Habeas Corpus." However, Anders requires that counsel forego the role of "an active advocate" for their client only"if counsel finds his [client's] case to be wholly frivolous." Id. at 744 (emphasis supplied). Because counsel asserted an arguable issue regarding the acceptance of responsibility reduction, the appeal is not "wholly frivolous" and counsel's equivocal assertion of the ineffective assistance claim was unnecessary
 
 
 [3]
 Again relying on Anders, counsel asserted that "this issue is not appealable because the recommendation of 'substantial assistance' has been held to be clearly within the discretion of the United States, and not subject to review by this Court." As noted earlier, such advocacy is not proper under Anders where there is an arguable issue