7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William A. BURCHETT, Kenneth D. Warth, Daisy Helen Warth,
Defendants-Appellants.
 Nos. 91-6402, 91-6493 and 91-6429.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1993.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, No. 91-00007; Hood, J.
 E.D.Ky.
 AFFIRMED.
 Before: JONES and NORRIS, Circuit Judges; and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 Three bank robbery defendants appeal their sentences[1], raising issues concerning their sentencing stipulations and alleged violations of the Double Jeopardy Clause. Finding their arguments without merit, we affirm the sentences.
 
 
 2
 * On May 7, 1991, Appellants William Burchett and Kenneth Warth, along with a third man, Nelson Zepeda, stole $11,725 from a Belcher, Kentucky, branch of the federally insured First National Bank of Pikeville. Burchett and Zepeda carried revolvers, while Warth took money from the tellers' drawers. Carrying bombs known as "molotov cocktails," which they did not use, the trio threatened the bank workers with death if they did not cooperate. With the money and bombs in a nylon bag, they sped toward Virginia.
 
 
 3
 A Pike County deputy sheriff noticed the car driving recklessly and began pursuing it for a traffic violation. Informed by radio that he was trailing bank robbers, the sheriff pursued the pair into Virginia. There, the men joined Appellant Daisy Warth, who had helped plan the heist. The group then split. The Warths were soon arrested in Conway, Virginia, without further incident. Burchett and Zepeda, however, parked their car and headed separately into the woods. Zepeda took possession at gunpoint of a pickup truck driven by Godfrey Daniels and was soon arrested with the stolen vehicle. The next day authorities also arrested Burchett. Burchett later led federal agents to the money.
 
 
 4
 On May 16, 1991, a federal grand jury returned a four-count indictment against the Warths, Burchett, and Zepeda. Count one charged all four with conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (1988). The other counts charged the three men with committing (with Daisy Warth aiding and abetting them) armed robbery in violation of 18 U.S.C. §§ 2 (1969 & Supp.1993), 2113(a) (1984 & Supp.1983), 2113(d) (1984); using and carrying pistols during a robbery in violation of 18 U.S.C. §§ 2 and 924(c)(1) (1988 & Supp.1993); and carrying bombs in violation of 18 U.S.C. §§ 2 and 924(c)(1).
 
 
 5
 The defendants all entered into plea agreements and stipulations in aid of sentencing on September 30, 1991. After sentencing hearings, each received prison terms on counts one and two on November 29. Burchett received 121 months, Kenneth Warth 108 months, and Daisy Warth 87 months. Additionally, each received a consecutive 60-month sentence on count three, and a three-year term of supervised release. Zepeda, who does not appeal, was sentenced to 168 months.
 
 
 6
 In reviewing appeals from the Sentencing Guidelines, we accept the district court's factual findings unless they are clearly erroneous. 18 U.S.C. § 3742(e) (1985 & Supp.1993); United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). We do, however, review de novo any of the court's legal conclusions. Garner, 940 F.2d at 174. The government needs to prove a sentence enhancement by a preponderance of the evidence. Id.; United States v. Feinman, 930 F.2d 495, 500 (6th Cir.1991).
 
 II
 
 7
 William Burchett presents two issues for review. He first challenges a two-level enhancement added to his sentence to which he did not stipulate. The district court applied § 2B3.1(b)(4)(B) of the United States Sentencing Commission's Guidelines Manual (1992) ("Guidelines") to both Burchett and Kenneth Warth. This provision instructs the court to increase a sentence by two levels "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." Id.
 
 
 8
 All of the defendants except Burchett stipulated that Godfrey Daniels was physically restrained by Zepeda in escaping and that the restraint was reasonably forseeable by all the defendants. Burchett did not stipulate to any facts relating to a restraint. However, the sentencing judge openly reviewed the facts and found that Burchett must also receive the § 2B3.1(b)(4)(B) enhancement because he conceded that he and Zepeda discussed the possibility that a hostage would be taken. Id. at 132-34.
 
 
 9
 Contrary to Burchett's current assertions, the court is free to consider facts to which the parties have not stipulated. A stipulation sets forth the facts relevant to sentencing with which both parties agree, but it does not by itself exclude other facts. Guideline 6B1.4(d) (1992) explains: "The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing."[2] We have previously relied upon § 6B1.4(d) in holding that factual stipulations do not bind the court. In United States v. Gaines, 888 F.2d 1122 (6th Cir.1989) (per curiam), the defendant and the government stipulated that the defendant qualfied for a two-level reduction in his sentence under Guideline § 3B1.2 for having only a minor role in a crime. The district court nevertheless found that the defendant was not a minor participant and refused to grant the sentencing reduction, and we affirmed.
 
 
 10
 In this case, Burchett's sentence closely tracked the stipulations. Burchett stipulated to a "minimum offense level" of thirty-two with a possible reduction of two levels if he demonstrated an acceptance of responsibility. J.A. at 75. He received a sentence based at level thirty-one, including the two-level acceptance of responsibility reduction. Id. at 67, 114. The court did not err merely because it used a fact to which Burchett did not stipulate.
 
 
 11
 Burchett next asks us to determine whether the sentencing court violated the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution by enhancing his sentence with both the § 2B3.1(b)(4)(B) physical restraint and with reckless endangerment under sentencing guideline § 3C1.2. The latter mandates a two-level enhancement for a defendant who "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Id.
 
 
 12
 The government claims that Burchett waived his right to appeal this issue by not raising it as an objection in the trial court. Though this court generally does not entertain challenges that were not advanced before the district court, we need not linger over the decision whether to do so here, for it is clear that Burchett's treatment did not create double jeopardy.
 
 
 13
 The Double Jeopardy Clause offers three basic protections: 1) against a second prosecution for the same offense after acquittal; 2) against a second prosecution for the same offense after conviction; and 3) against multiple punishments for the same offense. See Jones v. Thomas, 491 U.S. 376, 380-81 (1989). Burchett bases his challenge on the third protection. This protection, however, simply is not available to Burchett because the two punishments are not for the same offense. As noted above, Burchett received the physical restraint enhancement due to Zepeda's armed restraint of the owner of a pickup truck. J.A. at 66. He received the reckless endangerment enhancement for fleeing from law enforcement officers in a high-speed chase across Kentucky. J.A. at 67. Furthermore, the test for applying the third protection is that two punishments survive scrutiny when "each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). Even if the Blockburger test is applied directly, the two punishments at issue in the present case each require proof of a fact the other does not. Thus, the sentencing court did not violate the Double Jeopardy Clause.
 
 III
 
 14
 Kenneth Warth presents two issues for review. First, he claims that he should not have received the two-level § 2B3.1(b)(4)(B) enhancement for Zepeda's physical restraint of the pickup truck driver. However, unlike Burchett, Warth did stipulate to the facts supporting the restraint, both that it occurred and that it was "reasonably forseeable by all defendants." J.A. at 90. There is clearly no error in applying this enhancement.
 
 
 15
 Secondly, Warth claims that the court "double counted" in consecutively sentencing him under 18 U.S.C. § 924(c)(1) for knowingly using and carrying firearms as well as enhancing his robbery base sentence under guideline § 2B3.1(b)(2)(B) for using firearms during the crime. However, the presentence report explicitly states that the guns that established Warth's § 924(c)(1) sentence are excluded from the robbery enhancement, which is based solely upon the three "molotov cocktail" gasoline bombs that Warth carried.
 
 
 16
 All three sentences before us are hereby affirmed.
 
 
 
 *
 Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The third Appellant before us, Daisy Helen Warth, states in her brief that she is not presenting any issues for appeal, so no discussion of her case is necessary. D. Warth Br. at 2
 
 
 [2]
 This provision, as well as all of chapter six of the Guidelines, is technically a "policy statement" rather than a "guideline" because 28 U.S.C. § 994(a)(2)(E) (1969 & Supp.1993) restricts the U.S. Sentencing Commission to issuing only policy statements in the area of plea agreements. Policy statements have the same force as commentary issued by the Commission. Guidelines, § 1B1.7